## No. 17,318.

McKnight v. Forsyth, Chief of Police et al.

(266 P. [2d] 770)

Decided February 8, 1954.

Mr. Joseph D. Neff, Mr. Arthur Everett Small, Jr., for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, Patricia Maloy, Assistant, for defendants in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

On December 31, 1953, the Governor of Nebraska made demand upon the Governor of Colorado for the person of plaintiff in error McKnight. The demand and

warrant show that he there stands charged in the county of Madison with the crime of "Failure to Make Child Support Payments," and that it has been represented that he has fled from the jurisdiction of said state, and taken refuge within the limits of the State of Colorado. The requisition of the County Attorney of Madison county, Nebraska, represents that said McKnight fled from the State of Nebraska and is now a fugitive from the justice of said state. He was here arrested on a fugitive warrant and thereafter released on a fugitive bond.

McKnight* refused to waive extradition and filed with the district court his petition for writ of habeas corpus, alleging that he is and has been for the past eleven years a resident and citizen of Denver, Colorado, and is not and has not been a fugitive from justice from Nebraska and was not in said state at the time of the alleged crime. The testimony, upon hearing on said writ, discloses without conflict that McKnight left Nebraska some eleven years prior thereto, had not been in Madison county, Nebraska, for seven or eight years, and had paid support money as required for some years after leaving Nebraska. He relied solely on the fact that he was not a fugitive from justice. Thereupon the Court concluded that the extradition in fact was sought under section 6, chapter 117, S.L. '53, although nowhere in the record does it appear that he was charged in the extradition proceedings "with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose Executive Authority is making the demand," as required for extradition under said section.

Plaintiff in error is not subject to extradition as a fugitive from justice, as we held under similar circumstances in *Wigchert v. Lockhart*, 114 Colo. 485, 166 P. (2d) 988. Whether extradition might be demanded under section 6, chapter 117, S.L. '53, we need not now determine, since demand was not made thereunder, but is based upon alleged commission of a crime in the county of Madison and State of Nebraska, and flight from the jus-

tice of said state. The Attorney General frankly and commendably admits error.

Accordingly, the order of the trial court discharging the writ is reversed and the case remanded with instructions to make the writ permanent and discharge the plaintiff in error McKnight.

MR. JUSTICE HOLLAND not participating.