No. 17,326.

Teter *v.* The People.
(268 P. [2d] 407)

Decided March 15, 1954.

Mr. Harold F. Collins, Mr. Lawrence M. Henry, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, for the People.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

CHESTER TETER filed his application for a writ of habeas corpus in which he alleged that he was unlawfully restrained of his liberty. Upon a hearing his application was denied, and he was remanded to the custody of the sheriff. Teter is here by writ of error, seeking a reversal.

In his application he alleged that he is now, and at the time of the commission of the alleged offense was, a citizen and resident of Adams county, Colorado, and was not within the state of Kansas, and did not flee therefrom; that he is under indictment in the United States District Court for the District of Colorado, and is now out on bond, and is to appear for trial upon notice. He further alleged that his extradition has been instituted to enforce the payment of a private claim.

At a hearing in the district court upon said application, it was established by clear, convincing and indubitable evidence that Teter was not in the state of Kansas at the time of the commission of the alleged offense. In the charge upon which the application for the requisition attached to the demand by the Governor of Kansas to the Governor of Colorado the crime is alleged to be "making, drawing, uttering and delivering 'insufficient Fund' check" and the offense was allegedly committed on January 17, 1952. The check was in the sum of $4516.12, drawn "to the order of the Farmers Co-Op Elev. & Merc. Ass'n" and was admittedly, except for the signature thereto, in the handwriting of someone other than Teter. It was presented for payment, payment refused, and thereafter protested.

It affirmatively appears that subsequent to the delivery of said check and its protest, the payee therein, through correspondence by its manager and its attorney, had succeeded in having the amount thereof reduced to approximately $3500.00, and the manager of the payee

testified that if his efforts to collect on the check had been successful he would not have gone to the Kansas authorities and caused the criminal proceedings to be instituted.

Neither the procedural steps taken in connection with the demand and requisition of the Governor of the State of Kansas nor the action thereon by the Governor of the State of Colorado in issuing his warrant for petitioner's arrest nor the propriety of the writ of habeas corpus is challenged by Teter. The legal sufficiency of all of these proceedings is conceded, provided Teter in fact "fled from the justice of this state [Kansas]."

In *Wigchert v. Lockhart, Sheriff,* 114 Colo. 485, 166 P. (2d) 988, the attorney general made the following statement which we approved: "In order to shorten this matter, we are willing to concede that habeas corpus is the proper remedy to be here employed; that the district court does have original jurisdiction in habeas corpus proceedings; *that the court is not bound conclusively by the findings of the governor as to the status of a prisoner as a fugitive from justice,* although, in this connection, we submit that the findings of the governor and the issuance of a warrant of rendition makes a prima facie case against the accused, which he must overcome if he would prevail in his effort to procure a discharge from custody."

Our decision in the Wigchert case was expressly approved by us in *McKnight v. Forsyth* 129 Colo. 64, 266 P. (2d) 770, No. 17318 on the docket of this Court, the opinion in which was announced on February 8, 1954.

It having been established by competent and undisputed evidence that Teter was not in the State of Kansas at the time of the commission of the alleged offense, he could not have fled therefrom and consequently section 3 of our Uniform Criminal Extradition Act, upon which the requisition was based, is inapplicable. Upon this fact having been established in the district court, the writ of

habeas corpus should have been granted and defendant discharged from custody. In his brief, the Attorney General appearing herein, with commendable frankness, agrees that the writ of habeas corpus was available to Teter and that the trial court, on the record, should have ordered his discharge from custody.

The order and judgment of the trial court discharging the writ is reversed and the cause remanded with instructions to make the writ permanent and discharge Chester Teter, the petitioner.