No. 17,226.

STOBIE *v.* BARGER, SHERIFF.

(268 P. [2d] 409)

Decided March 22, 1954.

Messrs. KOBEY, MITCHELL, McCARTHY & SINGER, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy. Mr. ROBERT S. WHAM, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

GEORGE J. STOBIE, JR. was arrested and incarcerated

by Ray M. Barger, sheriff of Larimer county, by virtue of a warrant issued by Hon. Dan Thornton, Governor of the State of Colorado, pursuant to a requisition from the Governor of Indiana. Stobie sought his release by habeas corpus, but, upon hearing, was remanded to the custody of the sheriff, He brings the cause to this court by writ of error seeking a reversal of the judgment.

At the hearing on Stobie's application for release by habeas corpus, it was stipulated that he was not a resident or present in the State of Indiana when the crime was alleged to have been committed. In the requisition of the Governor of the State of Indiana it is charged: "that George J. Stobie, Jr. stands charged with committing acts in the State of Colorado intentionally resulting in a crime in the State of Indiana, to-wit: Non-support of a minor child. Now, Therefore, Pursuant to the laws of the State of Indiana and the laws of the State of Colorado, in such case made and provided, I do hereby require that the said George J. Stobie, Jr. be apprehended and delivered to Ben M. Nadall and Wm. L. Thompson who is hereby authorized to receive and convey him to the State of Indiana, there to be dealt with according to law."

Pursuant to the requisition, the Governor of the State of Colorado issued his warrant, wherein it is recited: "Whereas, It has been represented to me by the Governor of the State of Indiana that George J. Stobie, Jr., stands charged with Non-Support a crime under the laws of the said State of Indiana *committed in the County of Orange in said State, and that he has fled from the justice of the said state, and has taken refuge in the State of Colorado;* and the said Governor of the said State of Indiana has, in pursuance of the Constitution and laws of the United States, demanded of me that I shall cause the said George J. Stobie, Jr., to be arrested and delivered to Ben M. Nadall and Wm. L. Thompson, who is authorized, as the agent of the said Governor of Indiana, to receive the said George J. Stobie, Jr., into

his custody and him convey back to the State of Indiana;" (Italics ours.)

Our Uniform Criminal Extradition Act was adopted in 1951 (p. 41 c. 181, S.L. Colo. 1951) and substantially reenacted by chapter 117, page 314, S.L. Colo. 1953. An examination of these two chapters will disclose that no material change whatever was made in sections 3, 6 and 7 of the 1951 act, supra, being the only sections in either chapter necessary for our consideration in the determination of this cause, so that it is immaterial under which of said chapters this action is determined.

It should be noted that in the requisition under which the Governor of the State of Colorado might act, Stobie was charged with "committing acts in the State of Colorado intentionally resulting in a crime in the State of Indiana, to-wit: "Non-Support of a minor child." The Governor of the State of Colorado issued his warrant reciting that Stobie "stands charged with Non-Support a crime under the laws of the said State of Indiana *committed in the County of Orange in said State, and that he has fled from the justice of said State, and has taken refuge in the State of Colorado;* and the said Governor of the said State of Indiana has, in pursuance of the Constitution and laws of the United States, demanded of me that I shall cause the said George J. Stobie, Jr., to be arrested * * *." (Italics ours.)

An examination of the Constitution and laws of the United States, so far as they pertain to interstate extradition, will disclose that they pertain only to the extradition of those who commit crimes in a state and thereafter flee therefrom and take refuge in another state. 18 U.C.S.A., secs. 3182, et seq.; 35 C.J.S., p. 324, sec. 10 (b), and decisions therein cited. There is no federal legislation authorizing extradition where one is charged with committing acts in the asylum state which intentionally result in a crime in the demanding state so that under the requisition of the Governor of the State of Indiana neither the Constitution nor the laws

of the United States are applicable. The requisition was made under similar, if not identical, statutes in force in both Colorado and Indiana. It is based entirely upon the provisions of said section 6. The Governor of the State of Colorado issued his warrant under the provisions of section 3 of our said Uniform Criminal Extradition Act. His warrant recites his authority therefor to be the provisions of the Constitution and laws of the United States, which have no application whatever to the instant case. Said section 7 specifically provides that the facts necessary to the validity of its issuance must be substantially recited in the warrant, and this provision of the statute, it will be noted, also has been entirely disregarded, and the warrant issued is not in accordance with the requisition; consequently, it is wholly ineffectual for any purpose. *Ex Parte Kaufman,* 73 S.D. 166, 39 N.W. (2d) 905; *Videan v. State,* 68 Idaho 269, 194 P. (2d) 615; *In Re Morgan,* 86 Cal. App. (2d) 217, 194 P. (2d) 800; *Rice v. Magenheimer,* 225 Ind. 441, 75 N.E. (2d) 906; *Commonwealth v. Heinz,* 141 Pa. Sup. 158, 14 A. (2d) 875.

The warrant here considered, in connection with the requisition and stipulation, discloses that it is void, and Stobie was entitled to his release on habeas corpus.

In view of our disposition of this cause on the ground stated, other questions presented and argued by counsel need not be determined.

The judgment of the trial court is reversed and the cause remanded with instructions to grant Stobie the relief demanded in his habeas corpus action.