No. 17,381.

GLOVER *v.* FOSTER, SHERIFF ET AL.

(272 P. [2d] 656)

Decided July 12, 1954.

Mr. WILLIAM G. BERGE, Mr. FRED M. WINNER, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

UPON requisition of the Governor of the State of Pennsylvania, plaintiff in error Glover was arrested by the sheriff of Arapahoe County, Colorado, for the alleged crime of larceny by bailee, committed in Lycoming County, Pennsylvania, and the representation that he had fled from the justice of that state. Warrant for extradition having been issued by Colorado's Governor, petition was filed for writ of habeas corpus alleging that petitioner was not and never had been a fugitive from the justice of the state of Pennsylvania, and that extradition was sought solely for the collection of a civil debt. Upon hearing of the issue the court refused to consider any testimony relating to the nonflight of the plaintiff in error, and ordered that the petition be denied.

Review of such order is here sought on the ground that the court erred in refusing to hear evidence to establish that Glover was not a fugitive from the justice of the State of Pennsylvania, and the further ground that the failure to allege the crime as occurring on a date certain, in the petition of the district attorney and affidavit of the complaining witness, invalidated the extradition papers.

▮ As to the first contention, application having been made upon the ground that plaintiff in error was a fugitive from justice, proof that he was not a fugitive constituted a defense and it was error to deny him the right to introduce evidence for that purpose. *Wigchert v. Lockhart,* 114 Colo. 485, 166 P. (2d) 988; *McKnight v. Forsyth,* 129 Colo. 64, 266 P. (2d) 770. This is frankly admitted by the Attorney General.

▮ As to the second contention, we think the allegation in the petition and affidavit accompanying the requisition, that plaintiff in error had committed the crime "on or about the 15th day of February, A.D. 1953," was sufficient. Otherwise, if the exact date of felonious con-

version were unknown, a guilty party could never be extradited.

The judgment is reversed and the case remanded to the district court of Arapahoe county, with instructions to that court to permit the plaintiff in error to adduce proof negating his flight from the requesting state as charged.

MR. JUSTICE HOLLAND concurs in the Result.