No. 18,786.

Wallace E. Olson v. People of the State of Colorado.
(332 P. [2d] 486)

Decided December 8, 1958.

Mr. C. J. Berardini, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE shall refer to plaintiff in error as petitioner, in which capacity he appeared in the trial court.

Petitioner applied to the trial court for a writ of habeas corpus and from a judgment denying the writ he brings error.

It is admitted that petitioner was formerly a resident of Alaska, and departed that jurisdiction after allegedly committing a felony under its laws. He was apprehended in Colorado and the Governor of Alaska made a formal request to the Governor of Colorado for his extradition. Upon his arrest here he sought release from custody by a writ of habeas corpus, naming as respondent "The People of the state of Colorado."

It is contended by counsel for petitioner that "The arrest warrant in extradition proceedings of a fugitive from justice must clearly define and set out the enabling statutes of the asylum state under which the executive authority of said state purports to act." This is the sole query proposed by this writ of error, and is without merit. *Matthews v. People,* 136 Colo. 102, 314 P. (2d) 906, urged by petitioner as authority for this proposition, is not in point under the facts in this case. Even a casual reading of the Matthews case refutes the claim. It was there held: "A sister state may proceed in either of two ways: (1) Make a demand upon any state for return of a fugitive. On receipt of such lawful demand it is the duty of the governor under the constitution and laws of the United States and our enabling statute, C.R.S. '53, 60-1-2, to have 'arrested and delivered' the fugitive. In such case the demanding state does not appear on

bended knee seeking a favor, but appears as a sovereign state demanding rights granted to it by the Constitution and laws of the United States. In making the arrest and delivery under such demand the governor of the asylum state finds his duty, authority and protection under the Constitution and laws of the United States and C.R.S. '53, 60-1-2, and not elsewhere. (2) Make demand upon the Governor for surrender under 60-1-6 of 'Any person in this state (Colorado) charged in such other state in the manner provided in Section 60-1-3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand * * *.' Upon receipt of such demand (more properly called a request for the governor of Nebraska was in no position to demand anything of the Governor of Colorado under 60-1-6) the Governor of Colorado in the exercise of his discretion *may* cause the arrest and surrender and finds his authority and protection under 60-1-6 and not elsewhere."

■ Counsel for petitioner also cites *Stobie v. Barger*, 129 Colo. 222, 268 P. (2d) 409. The Matthews and Stobie cases involved non-fugitives under C.R.S. '53, 60-1-6. The present case involves a demand and requisition for a fugitive under the federal constitution and laws and C.R.S. '53, 60-1-2. It may also be noted in the two cases relied upon by petitioner's counsel the requisition and warrant were inconsistent with each other, and in the Matthews case that he "admittedly was not a fugitive." The Matthews and Stobie cases were instituted pursuant to C.R.S. '53, 60-1-6. Not so in the instant case. C.R.S. '53, 60-1-2, makes it "the duty of the governor" to cause the arrest and surrender of any person who is charged with a felony in the demanding state and who has fled therefrom and taken asylum in Colorado, said extradition being governed by the "provisions of the constitution of the U.S. controlling, and any and all acts of Congress enacted in pursuance thereof." No claim is made

here that the provisions of C.R.S. '53, 60-1-3, were not complied with.

C.R.S. '53, 60-1-7, provides that if the governor determines that the demand be complied with he shall sign a warrant of arrest, which shall be sealed with the state seal, and direct some person selected by the chief executive to execute the same. "The warrant must substantially recite the facts necessary to the validity of its issuance." In the present case the facts are recited in the warrant issued by the governor.

■ We find no deviation from the rule as stated in 35 C.J.S. Extradition, Sections 2, 3, 4 and 16; and 22 Am. Jur. Extradition, Sections 8, 9 and 51, that cases such as the one before us are controlled by the United States Constitution, and U.S.C.A. Title 18, Sec. 3182. In neither of the cases referred to above, nor in those cited in notes 7 and 117 to Title 18 U.S.C.A. do we find that the requisition or warrant must recite the legal authority for action on the part of the governor of the asylum state. We see no more need for such recital in the present case than in a warrant or mittimus issued from a state court for the arrest or imprisonment of a defendant in a criminal case.

Here the petitioner was thoroughly advised of the charge against him and the warrant and order for his delivery to the Alaskan authorities was issued pursuant to the pertinent Federal constitution and statutes. No state legislation could alter or vary the pertinent federal constitutional and statutory provisions applicable to the situation here presented.

■ In his application for the writ, petitioner named "The People of the State of Colorado" as respondents. In his petition he asserted that he was imprisoned and detained by the sheriff of the City and County of Denver, Colorado. When the writ of habeas corpus was denied the petitioner was remanded to that officer. It is apparent that the respondent in the trial court (defendant in error in this court) is not the proper party. We so

held in *Oates v. People,* 136 Colo. 208, 315 P. (2d) 196. There we said: "It is axiomatic that a writ of habeas corpus does not run against the People of the State of Colorado."

Perceiving no error in the record before us the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE HOLLAND not participating.