No. 20,154.

JOHN KRUTKA, AS SHERIFF, ETC., ET AL. *v.* GEORGE BRYER.
(372 P. [2d] 83)

Decided June 11, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Day delivered the opinion of the Court.

This writ of error is directed to an order and judgment of the district court of Pueblo County dismissing extradition proceedings whereby it was sought to have defendant in error George Bryer returned for criminal prosecution to the State of Oklahoma. Bryer was arrested on a warrant of the Governor of this state, issued pursuant to a formal request for extradition from the Governor of the State of Oklahoma.

From the record it appears that "The Matter of the Extradition of George Bryer to Oklahoma" was somehow aborted into the district court of Prowers County where Bryer was released on an appearance bond. There is no record of the proceedings in Prowers County except a letter addressed to the clerk of the district court of Pueblo County from the district judge of Prowers County, advising that the defendant was released by the Prowers county court because he was living in Pueblo. The extradition documents from the office of the Governor of Colorado were forwarded to the Pueblo district court.

On June 15, 1961, the district court of Pueblo County entered the following order:

"It would appear to the Court that the State of Oklahoma has been dilatory in processing this extradition of the said, George Bryer. Therefore, this Court feels that the said George Bryer should be *accorded the privilege of either contesting the validity* of his arrest, or of the extradition proceedings.

"For these reasons the Court grants the said George Bryer a continuance of 60 days *within which to do so;* and the said George Bryer is released on his own recognizance, and is Ordered to appear in this Court on August 16, 1961, at 10:00 a.m., at which time the matter will be heard upon the merits." (Emphasis supplied.)

It is presumed that the court in according Bryer· "the

privilege of either contesting the validity of his arrest, or of the extradition proceedings" was acting pursuant to C.R.S. '53, 60-1-10, which provides:

" * * * If the prisoner or his counsel shall state that he or they desire to *test the legality* of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him *within which to apply for a writ of habeas corpus.* When such *writ is applied for,* notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the agent of the demanding state." (Emphasis supplied.)

Within the sixty days allowed by the court, however, Bryer did not apply for writ of habeas corpus. No notice was given to the prosecuting officer of the county' or to the agent of the demanding state of any impending proceedings. Although there was nothing before the court or any authorized proceedings on which the court could conduct a hearing, on August 16, 1961, the court of its own motion dismissed the extradition by order as follows:

" * * * There was no appearance on behalf of The State of Oklahoma nor any representative from the State of Colorado on said extradition proceeding.

"THEREFORE IT IS ORDERED, That the matter of the extradition of George Bryer to the State of Oklahoma be and the same is hereby dismissed; and the original documents on file herein shall be returned to the respective authorities of the State of Oklahoma and State of Colorado."

The proceedings here were so highly unusual that we can find no authority, and none has been cited, dealing with the precise situation involved. However, the statute is clear and its requirements are not merely directory but mandatory. In the absence of a writ of habeas corpus, the court had no issue before it to resolve.

■ It is the duty of the governor to issue his warrant for the arrest and delivery to the executive of another state any person charged with a crime in that state who has fled from justice and is found in this state. C.R.S. '53, 60-1-2. The findings of the governor as to the status of a prisoner as a fugitive from justice establishes prima facie that the accused is a fugitive from justice and subject to prosecution in the demanding state. Such prima facie showing must be overcome to justify a discharge from custody.

The accused has the right to proffer evidence in aid of his discharge. *Wigchert v. Lockhart,* 114 Colo. 485, 166 P. (2d) 988. In that case a writ of habeas corpus issued and evidence was proffered on the return day of the writ. No such procedure was followed in the case at bar. The proceeding here, without writ or right, was clearly violative of the statute and of the procedure there prescribed in extradition matters. The non-appearance of the district attorney or agent of the demanding state is immaterial because there was nothing pending before the court requiring their appearance.

■ Whether Bryer's extradition to Oklahoma would have been justified is not here in issue. The issue is whether a trial court may disregard the provisions of the statute and of its own motion nullify an extradition warrant without the filing of a petition for a writ of habeas corpus by the accused showing substantial grounds why the extradition should not be enforced. We hold that it may not.

The judgment is reversed and the cause remanded to the trial court with directions to vacate its order directing the sheriff to release the defendant and to dismiss the proceedings. The Governor's warrant remains in full force and effect without prejudice to Bryer's right to challenge it in a proper proceeding.