Mr. Justice Day
delivered the opinion of the Court.
Gene F. Layher was arrested in Colorado pursuant to a warrant issued by the Governor of Colorado upon requisition from the Governor of Nebraska seeking the return of Layher to that state. He was admitted to bail and sought permanent release by writ of habeas corpus. Upon hearing the writ was discharged, and he was remanded to the custody of the agent of the State of Nebraska. This writ of error was sued out to the trial court’s ruling.
In the requisition papers from the Governor of Nebraska, the request was for extradition pursuant to the provisions of the Constitution and the laws of the United States — in other words, under the provision of the Uniform Criminal Extradition Act applying to fugitives from justice, pursuant to C.R.S. 1963, 60-1-2 of our statutes.
However, the Governor of Colorado issued his warrant under the provisions of C.R.S. 1963, 60-1-6, which is applicable to a person charged “with committing an act in this state * * * intentionally resulting in a crime in the state whose executive authority is making the demand, * * *” — a non-fugitive provision between '• states having similar statutes. This allegation referred to Layher, while in Colorado, failing to send child support to his family in Nebraska.
Thus, the extradition papers were, on their face, patently inconsistent. In a case on all fours with the case at bar, Matthews v. People, 136 Colo. 102, 314 P.2d 906, we held a warrant issued under the same facts to be null and void. It was held in Matthews that a sister state may proceed in either of two1 ways: (1) make a demand upon any state for return of a fugitive under the Constitution and laws of the United States and our enabling statute C.R.S. ’53, 60-1-2 to have “arrested and delivered” the fugitive; or (2) make demand upon the Governor of Colorado for surrender under 60-1-6 of “Any person in *467 the state (Colorado) charged in such other state in the manner provided in Section 60-1-3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand * * Upon receipt of the latter request, the Governor of Colorado, in the exercise of his discretion may cause the arrest and surrender and finds his authority and protection under 60-1-6 and not elsewhere.
In Stobie v. Barger, 129 Colo. 222, 268 P.2d 409, an inconsistency of just the opposite occurred and was held fatal to the extradition. In that case the Governor of Indiana made a proper request on the Governor of Colorado to exercise his discretionary power granted by section 60-1-6. The Governor of Colorado, instead of proceeding under 60-1-6, caused the arrest and surrender “in pursuance of the Constitution and laws of the United States * *
In ordering Stobie’s release we said:
“* * * -pkg requisition was made under similar, if not identical, statutes in force in both Colorado and Indiana. It is based entirely upon the provisions of said section 6 (C.R.S. ’53 60-1-6). The Governor of the State of Colorado issued his warrant under the provisions of section 3 of our said Uniform Criminal Extradition Act. His warrant recites his authority therefor to be the provisions of the Constitution and laws of the United States, which have no application whatever to the instant case. * * * the warrant issued is not in accordance with the requisition; consequently, it is wholly ineffectual for any purpose.”
The case before us is the converse of the Stobie case and is precisely as in Matthews. In the case at bar demand was made for the arrest and delivery pursuant to the Constitution and laws of the United States; arrest and surrender were made pursuant to the laws of the State of Colorado, 60-1-6.
Nebraska’s demand could not be lawfully granted and should have been denied for Layher admittedly was not *468 a fugitive, having not been in that state when he allegedly failed to support his children. Teter v. People, 129 Colo. 211, 268 P.2d 407; Wigchert v. Lockhart, 114 Colo. 485, 166 P.2d 988; Stobie v. Barger, supra.
The judgment of the trial court is reversed and the cause remanded with instructions to grant Layher’s application for writ of habeas corpus, to make the writ permanent and discharge Layher.
Mr. Chief Justice McWilliams not participating.