No. 24246.

FRANCIS D. OSBORNE *v.* GUY F. VAN CLEAVE.
(475 P.2d 625)

Decided October 13, 1970.

MICHAEL F. MORRISSEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THIS is a sequel to *Osborne v. Van Cleave*, 166 Colo. 398, 443 P.2d 988. In its original appearance here the cause was remanded for the issuance of a writ of habeas corpus to test the validity of Osborne's arrest for rendition to Nebraska based on a charge of forgery. The hearing was held; the trial court discharged the writ; and the cause is here for review.

In accordance with the mandate of this court the district court issued a writ of habeas corpus an August 15, 1968. The People filed a return and the issues were heard in two hearings; the first on September 20, 1968, and the second on October 15, 1968. At the hearing on September 20, 1968, the district attorney moved to amend the fugitive complaint to change the date of the alleged crime from March 14, 1967, to March 4, 1967. This motion was denied; the trial judge held that the district attorney was only required to prove that the crime was committed *on or about* a certain date — March 14, 1967. The People produced two witnesses. The first one was the complaining witness who identified the petitioner and stated that the petitioner had given him a forged check in Nebraska *sometime* in March of 1967. The second witness was the deputy sheriff who identified respondent's Exhibit "A"

as an amended warrant pertaining to the Nebraska proceedings which showed the date of the crime to be March 4, 1967. Petitioner sought and was granted a continuance because of surprise as to the alleged time of the crime. At the second hearing, on October 15, 1967, the petitioner produced five witnesses who testified that petitioner was in Colorado on March 4, 1967.

The trial court held that for the purposes of extradition, any date in the month of March 1967 was sufficient to advise Osborne of the charge against him. The district court ordered the sheriff to turn Osborne over to the proper Nebraska authorities under the extradition warrant issued by the governor. It is from this order that Osborne appeals.

 Osborne argues that the date of commission of the crime is a material fact to be proved by the prosecution in an extradition hearing. We agree that the time of the commission of the crime is material; however, the precise date alleged does not necessarily have to be proved. Thus, we hold that the trial court was correct under the evidence and special circumstances here.

 Osborne cites three Colorado cases in support of his argument that the trial court erred in holding that evidence that he was not in Nebraska at the exact time stated in the information was not sufficient to release him: *Stobie v. Barger*, 129 Colo. 222, 268 P.2d 409; *Teter v. People*, 129 Colo. 211, 268 P.2d 407; *Wigchert v. Lockhart*, 114 Colo. 485, 166 P.2d 988. In both *Stobie* and *Teter*, there was no issue as to whether the petitioner was in the demanding state at the time of the commission of the crime. In *Stobie*, "* * * it was stipulated that he was not a resident or present in the state of Indiana when the crime was alleged to have been committed." In *Teter*, "* * * it was established by clear, convincing and indubitable evidence that Teter was not in the state of Kansas at the time of the commission of the alleged offense." Finally, in *Wigchert*, this court stated that the evidence "* * * clearly and conclusively establishes that

petitioner was not in the state of California on October 15, 1944, the date on which the crime was alleged to have been committed, but that he was in Delta County, Colorado, and had remained therein at all times subsequent to July 8, 1944." All of the cases are distinguishable on the facts and consequently are not applicable to the instant situation. The United States Supreme Court, in *Munsey v. Clough*, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515, states the law on this point. The italicized language states the law applicable to the facts of the instant case.

"When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding State when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding State, then the court will discharge the defendant. *Hyatt v. Cockran*, 188 U.S. 691, affirming the judgment of the New York Court of Appeals, 172 N.Y. 176. *But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused. * * *"* (Emphasis added.)

See, also, *United States v. Meyering*, 54 F.2d 621 (7th Cir., 1931), wherein the court observed: "In the removal of fugitives, that strict accuracy of statement and proceedings is not required as is in case of indictments." Guilt or innocence of the crime charged has no bearing on the issue of extradition but will be determined on the trial of the case once the petitioner is returned to the demanding state. *Fox v. People*, 161 Colo. 163, 420 P.2d 412.

It is for the above reasons that we hold the trial court's judgment was correct, and therefor affirm.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.