## No. 26248

### David Arthur Crumrine v. Carol Erickson, Sheriff of Summit County
(526 P.2d 148)

Decided September 9, 1974.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, O. Edward Schlatter, Deputy, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, James W. Wilson, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from an order of the District Court of Summit County, denying Crumrine's petition for a writ of habeas corpus. We affirm.

The petitioner was arrested June 27, 1973, as a result of a traffic offense and incarcerated. The following day he entered a plea of guilty in the county court and paid the fine which was assessed. He was advised at that time that he was wanted by police authorities of Dallas, Texas and was committed to jail. Approximately thirty days later the sheriff received an arrest warrant from the Texas authorities pursuant to C.R.S. 1963, 60-1-10. Petitioner refused to waive extradition. C.R.S. 1963, 60-1-25.

On August 31, 1973, the petitioner was taken before the district court and served with the Colorado Governor's warrant for his extradition to Texas. On September 6, 1973, petitioner appeared before the court with appointed counsel from the office of the public defender and requested time within which to file a petition for writ of habeas corpus.

In due time the petitioner filed his petition for writ of habeas corpus, alleging that the sheriff had failed to comply

with the mandates of the statutes in regard to extradition where a person is arrested and held for extradition without a warrant (C.R.S. 1963, 60-1-14, 15 and 16), and that this lengthy period of incarceration was illegal and in violation of his rights to due process and to equal protection of the laws. His complaint was directed specifically to that period of incarceration prior to the issuance and service of the Governor's warrant. The petition does not challenge the regularity or validity of the Governor's warrant or its supporting documents.

When, on September 24, 1973, the matter came before the court, the petition for the writ was summarily denied, the court holding that the issue arising out of any alleged wrongful detention occurring prior to the issuance and service of the Governor's warrant was moot. We agree.

Judicial inquiry in a habeas corpus proceeding is limited to the question of the validity of the prisoner's confinement at the time of the hearing. *Scott v. MacDougall,* 246 S.Ct. 252, 143 S.E.2d 457, *cert. denied,* 382 U.S. 920, 86 S.Ct. 299, 15 L.Ed.2d 235. Here, the petitioner challenged only that period of his detention which preceded the service of the Governor's warrant. The trial court pointed this out to the petitioner, but he contended there and here that our decision in *Osborne v. Van Cleave,* 166 Colo. 398, 443 P.2d 988, interpreting C.R.S. 1963, 60-1-10, holds to the contrary.

In *Osborne* the petitioner was arrested under an extradition warrant. In his petition for a writ of habeas corpus he challenged the validity of his arrest. The trial court in *Osborne* refused to issue the writ and this court held the denial to be error. The detention being challenged in *Osborne* was the result of his arrest under the Governor's warrant. C.R.S. 1963, 60-1-10 specifically provides that:

". . . If the prisoner or his counsel shall state that he or they desire to test the legality of his arrest [under the Governor's warrant], the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus . . . ."

Neither the terms of the statute nor the decision in

*Osborne v. Van Cleave, supra,* require us to reverse the trial court.

The judgment is affirmed.