No. 15,699.

WIGCHERT v. LOCKHART, SHERIFF.
(166 P. [2d] 988)

Decided February 25, 1946.

Mr. Arthur H. Laws, Mr. C. E. Blaine, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

This is an action in which John Wigchert sought his release from custody under a writ of habeas corpus. Upon hearing, the trial court denied his application for discharge on the writ and entered its judgment of dismissal. To review the judgemnt denying petitioner's release and remanding him to custody, he sued out this writ of error.

Wigchert was arrested in Delta County, Colorado, on the 16th day of October, 1945, by R. R. Lockhart, the sheriff thereof, in obedience to a warrant issued by the governor of the state of Colorado. The issuance of said warrant was in compliance with the demand and requisition of the governor of the state of California, charging the petitioner with the commission of a crime therein and being a fugitive from justice therefrom.

In his petition for the writ petitioner alleges that " * * * he is now a prisoner confined in the custody of R. R. Lockhart, Sheriff of Delta County, Colorado, on a Complaint and Warrant issued out of the Municipal Court for the City of San Diego, County of San Diego and State of California," in which it is charged that he failed and neglected to provide for, and that he abandoned his minor children in that city on October 15, 1944. The criminal complaint and warrant is set forth. He also alleges that his arrest and detention is illegal because he is not a fugitive from justice, and he denies the criminal charge. He further alleges " * * * that he

is not in said custody of said Sheriff nor detained by virtue of any process issued by any Court of the United States or any Judge thereof or by virtue of the final judgment or decree of any competent tribunal of Civil or Criminal jurisdiction or by virtue of any execution issued upon such judgment or decree."

Petitioner further alleges that a demand and requisition has been presented to the governor of Colorado by the governor of California for petitioner's extradition, and in compliance therewith a warrant was issued by the governor of Colorado for his arrest and delivery to an agent from California for his return to that state, and that he "fears that said Agent will at once remove him from the State of Colorado and without the jurisdiction of this court."

The writ was issued as prayed, to which the sheriff made his return, admitting the arrest and custody substantially as set forth in the petition. To the sheriff's return petitioner filed an answer reaffirming the allegations of his petition.

Petitioner does not challenge the procedural steps taken in connection with the demand and requisition of the governor of California, nor the action thereon by the governor of the state of Colorado in issuing his warrant for petitioner's arrest, nor does petitioner question the legal sufficiency of any of these documents if he is in fact a fugitive from justice.

The trial court refused to consider any evidence offered by petitioner to establish the fact that he was not a fugitive from justice, and in connection with this refusal we find the following in the judgment: " * * * and the Court having reviewed the files in said cause, including the Warrant in the extradition proceedings issued by the Governor of the State of Colorado, the Court finds that said papers and the Warrant in extradition are in order; that the petitioner is a fugitive from justice and should be returned to stand trial in the State of California upon the Complaint herein; and that the

Court is *bound* to recognize the said Warrant in extradition issued by the Governor of the State of Colorado; *and that petitioner be and hereby is denied the right to offer evidence contradicting the charge that he is a fugitive from justice from the state of California; but allows him the right to proffer evidence in support of his contention that he is not a fugitive from justice, that proffer having been noted in the record of proceedings."* (Italics ours)

The Attorney General makes this frank and commendable admission: "In order to shorten this matter, we are willing to concede that habeas corpus is the proper remedy to be here employed; that the district court does have original jurisdiction in habeas corpus proceedings; *that the court is not bound conclusively by the findings of the governor as to the status of a prisoner as a fugitive from justice,* although, in this connection, we submit that the findings of the governor and the issuance of a warrant of rendition makes a prima facie case against the accused, which he must overcome if he would prevail in his effort to procure a discharge from custody." (Italics ours)

Clause 2 of section 2 of article IV of the Constitution of the United States provides: "A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

This provision of the Constitution is not self-executing, and to give it force and effect Congress enacted section 662, 18 U.S.C.A., which provides in part: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded

with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. * * * "

Consistent with the Constitution, and federal legislation enacted pursuant thereto, the General Assembly of the state of Colorado enacted chapter 72, '35 C.S.A.

In 35 C.J.S., p. 324, et seq., it is said: "To constitute one a fugitive from justice from a given state, it is essential to show that at the time of the commission of the alleged crime in the demanding state he was bodily present, or incurred guilt, therein, and that he left it and is within the jurisdiction of the state from which his return is demanded, [citing cases] * * *. Actual and corporeal former presence in the demanding state is essential; if a person was only 'constructively' in a state, committing a crime against it while not personally within its borders, he has not fled from it and is not a fugitive from justice. [citing cases]"

To the same effect: 22 Am. Jur., p. 259, et seq.; 1 Bailey on Habeas Corpus, p. 525; *Hyatt v. People ex rel. Corkran,* 188 U.S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; *South Carolina v. Bailey,* 289 U.S. 412, 53 Sup. Ct. 667, 77 L. Ed. 1292; *Appleyard v. Massachusetts,* 203 U.S. 222, 27 Sup. Ct. 122, 51 L. Ed. 161; *Munsey v. Clough,* 196 U.S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515; *Drumm v. Pederson,* 219 Ia. 642, 259 N.W. 208; *Ex parte Brewer,* 61 Cal. App. (2d) 388, 143 P. (2d) 33; *Ex parte Reggel,* 114 U.S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; *Roberts v. Reilly,* 116 U.S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; *Ex*

*parte Forbes,* 17 Ala. App. 405, 85 So. 590; 51 A.L.R., p. 798; 61 A.L.R., p. 715.

■ Generally a person, who, being physically present in one state, commits a crime therein, and after the commission of the crime leaves and is present in another state, is, from the time of leaving the state in which the crime is committed, a fugitive from justice within the meaning and intendment of the Constitution and statutes of the United States of America. As such fugitive he must be delivered up by the governor of the asylum state to the demanding state, the laws of which are alleged to have been violated, upon compliance with the provisions of the federal statute.

■ It has been held that no person may lawfully be removed from one state to another by virtue of the federal constitutional provision unless "1, He is charged in one State with• treason, felony or other crime; 2, he has fled from justice; 3, a demand is made for his delivery to the State wherein he is charged with crime. If either one of these conditions are absent, the Constitution affords no warrant for a restraint of the liberty of any person." *Pierce v. Creecy, Chief of Police, etc.,* 210 U.S. 387, 401, 28 Sup. Ct. 714, 52 L. Ed. 1113.

As we have said, petitioner does not challenge the procedural steps taken by the governors of the states of California or Colorado in bringing about his incarceration, nor the legal sufficiency thereof. He sought only to establish before the trial court in a habeas corpus action by clear, convincing, uncontradicted and conclusive evidence that he was not a fugitive from justice and therefore not extraditable under clause 2, section 2, article IV of the Constitution of the United States, and statutes enacted pursuant thereto.

■ The governor's determination that petitioner is a fugitive from justice is not conclusive, and may be the subject of judicial inquiry. 39 C.J.S., p. 554, et seq.; 25 Am. Jur., p. 198, et seq.; 22 Am. Jur., p. 290, et seq.; 1 Beech on Habeas Corpus, p. 279, et seq.; Habeas Cor-

pus, Scott and Roe, p. 415; *Hyatt v. People ex rel. Corkran, supra; South Carolina v. Bailey, supra; Munsey v. Clough, supra; Drumm v. Pederson, supra; Ex parte Brewer, supra, Ex parte Forbes, supra; Ex parte Reggel, supra;* 51 A.L.R., p. 798; 61 A.L.R., p. 715.

■ The proffered evidence which the trial court refused to consider, and which is by the attorney general admitted to be true, clearly and conclusively establishes that petitioner was not in the state of California on October 15, 1944, the date on which the crime was alleged to have been committed, but that he was in Delta county, Colorado, and had remained therein at all times subsequent to July 8, 1944. In refusing to consider this proof, the trial court, inferentially, if not directly, held that the question was not properly before it in a habeas corpus proceeding. In so holding the trial court was in error.

■ ■ When petitioner established by clear, conclusive, indubitable and convincing evidence, and beyond a reasonable doubt, that he was not physically present in the demanding state at the time the crime charged in the criminal complaint was allegedly committed, he became entitled to his release upon habeas corpus, and the fact that the charge is "abandonment of minor children," which is said to be a continuing crime, does not change petitioner's status. "Failure to support wife and children in one state while the husband and father is in another state is no ground for extradition. If at and before the time of his flight he had performed his legal obligation toward his wife and children but failed to support them only after he left the demanding state, he would not be a fugitive from justice. A person to be renditable [sic] must not only have committed a crime in the demanding state but also must have fled therefrom. No crime would be committed (in the demanding state) if he had performed his legal obligations while within it. Hence, he has not fled from justice. If he failed to support his wife or children before his depar-

ture from the demanding state, then he is subject to extradition, for he had committed a crime within the demanding state before his flight. He cannot become a fugitive until after the commission of a crime." Habeas Corpus, Scott and Roe, p. 420. We find the following decisions support the quotation from Scott and Roe, supra, holding that where the crime charged is desertion or failure to support a wife or child, the defendant charged therewith must be physically present in the demanding state at the time of the commission of the alleged crime: *Ex parte Brewer, supra; State ex rel. Blake v. Doeppe,* 97 W. Va. 203, 124 S.E. 667; *Taft v. Lord,* 92 Conn. 539, 103 Atl. 644; *Ex parte Heath,* 87 Mont. 370, 287 Pac. 636; *Drumm v. Pederson, supra; In Re Roberson,* 38 Nev. 326, 149 Pac. 182; *Ex parte Presley,* 116 Tex. Cr. 150, 27 S.W. (2d) 815; *Ex parte Hogue,* 112 Tex. Cr. 495, 17 S.W. (2d) 1047; *People ex rel. Randolph v. Meyering,* 348 Ill. 17, 180 N.E. 560; *Schein v. Gallivan,* 321 Mo. 268, 10 S.W. (2d) 521; *People ex rel. Higley v. Millspaw,* 281 N.Y. 441, 24 N.E. (2d) 117.

The attorney general cites *Keeton v. Gaiser,* 331 Mo. 499, 55 S.W. (2d) 302, and *Munsey v. Clough, supra,* as supporting the judgment, and quotes at length from these decisions.

In *Keeton v. Gaiser, supra,* it clearly appears from the opinion that the question as to whether one is a fugitive from justice is one of fact, and that in order to be within that designation one must have been in the state where, and at the time, the alleged crime was committed. Judge Ellison, speaking for the court, said:

"To establish that the accused is a fugitive from justice in the sense contemplated by the Federal Constitution and statute it need appear only that he was in the demanding state when the alleged crime was committed and that he subsequently departed therefrom. * * *
* * *

"Applying the foregoing general principles to this case, and particularly the rule announced in the decisions just

cited, *the fact is established by the petitioner's own confession that he is a fugitive from justice within the meaning of the law*: for the indictment charges the crime was committed on December 18, 1928, the state made no effort by proof to assign a different date, *and the accused admitted he was in New York on the date so alleged and for four days thereafter. * * * "* (Italics ours) The court there determined that petitioner was a fugitive from justice, as that term is used and defined in the Federal Constitution and the statutes enacted pursuant thereto, and that was the principal, if not the only, question involved. So in any event it would seem that that portion of the opinion upon which the attorney general relies is at best judicial dictum.

In *Munsey v. Clough, supra,* it appears that Munsey requested a hearing before the governor on extradition proceedings before a warrant of arrest should be authorized. The governor refused a hearing and proceeded to issue his warrant, but he afforded Munsey an opportunity to sue out a writ of habeas corpus before delivering her to the officials of the demanding state. Upon petition, a writ of habeas corpus was issued, and before the close of the hearing on the petition, as the record discloses, an order was entered requiring Munsey to introduce evidence upon the question as to whether she was a fugitive from justice, with which order she declined obedience. The record shows the following:

" 'The court thereupon ordered that the relator proceed to introduce evidence upon the question whether she was in fact a fugitive from justice. This the relator's counsel declined to do, upon the ground that such action, on their part, would constitute a waiver of their right to object to the refusal of the governor to grant a hearing upon this question of fact.

" 'The court then directed that the counsel for the relator state whether the relator waived the right to then, or at any future time, introduce further evidence upon

this, or any question of fact, and counsel for relator declared that she did waive that right.

" 'No evidence was offered by the relator either upon the question whether the relator was a fugitive from justice, or upon any other question of fact, other than as above stated.' " In the opinion the court held that relator Munsey was not entitled to a hearing before the governor prior to the issuance of his warrant of arrest. Concerning the presence of Munsey in the demanding state at the time of the commission of the offense with which she was charged, the court said: " * * * There is no impossibility in the plaintiff in error [Munsey] having returned and been present in the State at the time of the alleged commission of the offense set forth in the third count, even though she had not been 'usually and publicly a resident of that State' since the time when it is alleged that she committed the offenses set forth in the first two counts, and had fled therefrom before the commission of the last offense set forth in the third count. The affidavit of Mr. Whitney is to the effect that at the time of the commission of the crimes she was in the State of Massachusetts, and that at the same time and previous thereto she was a resident of Cambridge, in the county of Middlesex. Whether she was a resident or not is not important, as to the third count, if she were present in the State and committed the crime therein. The statement in the affidavit that she fled *on or about* the fourth day of November, 1901, while the third count of the indictment avers the commission of the crime on the twentieth day of November of that year, is sufficiently exact, considering the facts in the case, as the affiant states, *that she was in the commonwealth at the time of the commission of the crime.* Reasonably construed, the affidavit of Whitney shows the presence of plaintiff in error in the State, and is sufficient, *unexplained and uncontradicted* for that purpose." (Italics ours) Correctly construed, the de-

cisions upon which the attorney general relies, when properly considered, do not support his position.

Upon the record here the only question for our determination is whether the trial court erred in denying petitioner the right to establish by competent and conclusive evidence, admittedly true, that he was not physically present in the demanding state at the time alleged in the criminal complaint.

The proffered evidence was competent, and clearly and conclusively established that petitioner was not physically present in California at the time the crime was alleged to have been committed: It is difficult to see how he can be said to have fled from California, the state in which it is charged he perpetrated some act amounting to a crime, when in truth and in fact he was not within the state at the time the act, said to have been a criminal offense, was committed.

Under these circumstances, in consideration of the undisputed evidence, we are compelled to hold that petitioner was not a fugitive from justice from the state of California within the purview of the Constitution and statutes.

It is our opinion that petitioner is entitled to be released under the writ of habeas corpus. We reach this conclusion reluctantly because, if petitioner is guilty of abandonment of his children, his conduct is reprehensible and he should be punished therefor. Under the facts of record, extradition is not available.

The judgment is reversed and the cause remanded with instructions that the court order Wigchert released from custody.