No. 18,203.

AUDREY I. CUTTING v. EDWARD O. GEER, ET AL.

(313 P. [2d] 314)

Decided June 24, 1957.

AUDREY I. CUTTING, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. John W. PATTERSON, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN October 1951 an indictment was returned against Audrey I. Cutting by a grand jury in the U. S. District Court, Third Division of the Territory of Alaska, charging her with a felony, to wit: Embezzlement by bailee.

On June 21, 1956, the Governor of Alaska issued his demand on the Governor of Colorado for the extradition of said Audrey I. Cutting, accompanying said demand with the necessary documents required by the Constitution and Laws of the United States. The Governor of Colorado on July 5, 1956, issued his warrant for the apprehension of said Audrey I. Cutting, who will be herein referred to as petitioner. Petitioner was apprehended and placed in the jail of the City and County of Denver [under the control of the defendants in error], gave bond, and later filed a petition for a writ of habeas corpus naming defendants in error as Respondents. In the petition general allegations were made challenging the sufficiency of the documents accompanying the demand of the Governor of Alaska, and alleging that petitioner was not a fugitive from Alaska. Return to the writ was filed, and after numerous delays a hearing was had at which a deputy U. S. Marshal from Alaska identified petitioner as the same person demanded by the Governor of Alaska. Petitioner offered no evidence in support of her petition. After a full hearing in which petitioner was represented by counsel, the writ of habeas corpus was dismissed and petitioner brings the case here, appearing pro se after withdrawal of her counsel.

Petitioner has filed a document in this court entitled "Brief of Plaintiff in Error" which consists mainly of extraneous and immaterial matter, not pertinent to the inquiry presented, i.e. "Have the pertinent statutes relating to extradition been complied with?" Notwithstanding such "brief" does not comply with our rules, or present any matters challenging the court's attention, we have carefully reviewed the entire record and the law applicable thereto and have failed to discover any prejudicial error therein.

Art. IV. Section 2 (2) of the U. S. Constitution provides: "A person charged in the state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the execu-

tive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." Title 18, USCA., Sec. 3182 and C.R.S. '53, 60-1-1, et. seq. govern extradition matters. We need not set them out in full. Suffice it to say that the documents in support of the demand of the Governor of Alaska comply in every particular with the applicable Federal and State laws.

▮ .Extradition to or from territories has been upheld under the federal statute, even though the U. S. Constitution is silent as to extradition to or from territories. *New York v. Bingham,* 211 U. S. 468; *United States v. Wright, D. C. Hawaii,* 15 F.R.D. 184; *Herzog v. Colpoys,* 143 Fed. 2d 137; *Maktos v. Matthews,* 194 Fed. 2d 354.

▮ The U. S. Constitution guarantees no right of asylum to a person who has committed a crime in one state or territory of the United States and fled to another jurisdiction.

From the record before us it appears that plaintiff in error is a fugitive from justice, having been charged with a felony in the Territory of Alaska, from whence she migrated to the state of Colorado where she was apprehended. See *Wigchert v. Lockhart,* 114 Colo. 485, 166 P. (2d) 988.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.