No. 21685.

JOHN FOX, JR. *v.* THE PEOPLE OF THE STATE OF COLORADO AND DANIEL S. HOFFMAN, MANAGER OF SAFETY AND EXCISE AND EX OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER, STATE OF COLORADO.
(420 P.2d 412)

Decided November 28, 1966.

John Iacoponelli, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James F. Pamp, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THIS writ of error challenges the discharge of a writ of habeas corpus by the trial court.

The record discloses that on October 2, 1964, John Fox, Jr., was arrested and charged with being a fugitive from justice under C.R.S. '53, 60-1-13. The action was taken under authority of a warrant for his arrest by the Governor of the State of Colorado which was issued pursuant to a requisition from the governor of the State of North Dakota. In the latter state Fox had been charged with the crime of abandonment, which, under N. Dak. Cent. Code, 1960, 14-07-16, is a felony. The criminal complaint had been signed by Reva Fox, petitioner's wife, who alleged the statutory abandonment of herself and her five children on August 1, 1964.

Following some delays, Fox petitioned the trial court for a writ of habeas corpus and, upon hearing to the court, the writ was discharged and the petitioner was continued on bond pending his seeking relief by writ of error.

Fox alleges as error the dismissal of his writ. He contends that he presented substantial evidence to the effect that he was neither guilty of the crime of abandonment nor that he was a fugitive from justice. He also claims that there are several fatal defects in the papers served upon the Governor of the State of Colorado.

It is a general rule in Colorado, as in most jurisdictions, that a warrant issued by a Governor is prima facie evidence both that a petitioner is substantially charged with a crime and that he is a fugitive from justice. *Wigchert v. Lockhart,* 114 Colo. 485, 166 P.2d 988 (1946), *Roberts v. Reilly,* 116 U.S. 80, 29 L.Ed. 544, 6 S.Ct. 291 (1885). Petitioner Fox does not argue with this proposition but urges that in *Wigchert* it was determined that such a prima facie showing can be the

subject of judicial inquiry. See *Roberts, supra, Munsey v. Clough,* 196 U.S. 364, 49 L.Ed. 515 25 S.Ct. 282 (1904), *Self v. People,* 133 Colo. 524, 297 P.2d 887 (1956). Fox's guilt or innocence of the crime charged has no bearing on the issue of extradition but will be determined on the trial of the case once he is returned to the demanding state. *State v. Fleming,* 195 Tenn. 419, 260 S.W.2d 161 (1953); and see *Tyler v. Pierce,* 216 Miss. 498, 61 So.2d 309 (1952), *Chase v. State,* 93 Fla. 963, 113 So. 103 (1927). Another of Fox's difficulties is that a criminal complaint or indictment from a requesting state is presumed to charge a crime, and Fox failed to overcome that presumption.

 As to Fox's contention that he was not a fugitive from justice, we point out that he would have to show either that he was not present in the demanding state at the time that the crime allegedly was committed, or that he had not left the state. *Roberts, supra.* His evidence, however, rather than refuting that, has substantiated it. By his own testimony he was present in New Town, North Dakota, his former residence, on August 1, 1964 (the date of the alleged felony), and left that state for Colorado on August 3rd. His testimony was that he left North Dakota to seek a better life and more lucrative employment than was possible on an Indian Reservation. However, his reason for leaving North Dakota is immaterial here. For our purpose, it is sufficient that he left the jurisdiction of one state and was found within Colorado. *Roberts, supra.*

Fox cites *Wigchert, supra,* as authority for the proposition that abandonment and failure to support are not extraditable crimes when legal obligations to support have been performed until the date of leaving the jurisdiction. The facts of that case, though, are different from those before us. There Wigchert had already left the demanding state when the abandonment and failure to support allegedly occurred. There was no charge that he had failed to support his wife and children at the

time of his departure. He was found not to be a fugitive from justice since the crime did not occur while he was within the demanding state.

Finally, we turn to the petitioner's contention that the extradition papers were fatally defective.

It is asserted that the crime charged in the criminal complaint, as well as the one listed in the warrant of arrest issued by the State of North Dakota, was "Abandonment (14-07-16 NDCC)," whereas the copy of the statute in the record is entitled "Abandonment Or Nonsupport Of Child," with a caption of "North Dakota Century Code 14-07-15." The latter section was also listed in the "Application For Requisition" from North Dakota.

It appears that Section 14-07-16, in order to be correct, should be entitled "Abandonment or nonsupport of wife." Though 14-07-16 does not cover desertion and nonsupport of both a wife and children, the complaint itself, however, in this case does allege facts sufficient to charge both crimes, even though only 14-07-16 is mentioned therein. In any event, we hold that the charge of desertion and nonsupport of the wife alone is sufficient to support the extradition here. This is so because it is the indictment or criminal complaint which is controlling when determining whether a crime has been charged. See *Tyler, supra,* and *Self, supra.* In fact, in *Harper v. U.S.,* 27 F.2d 77 (8th Cir. 1928), it was held that even a mistake in misstating the number of a statute is immaterial, it being sufficient if the language used fully states an offense denounced by the statutes.

Next it is asserted that a photostatic copy of the complaint and affidavit upon which the warrant issued was served on Fox rather than a certified copy thereof as required by C.R.S. '53, 60-1-13. Suffice it to say in this connection, that defendant made no objection to this during the proceedings in the trial court when it could have been corrected. He cannot now raise that issue on writ of error and must be deemed to have

waived his right to receive a certified copy when he proceeded to trial on the merits.

As to the allegation that the extradition papers are defective because the Governor of North Dakota failed to insert in one of them the day and month on which he signed it and in another the day was not inserted — suffice it to say that clerical defects such as these cannot be the basis for a reversal. See *Munsey, supra, Fernandez v. Phillips*, 268 U.S. 311, 69 L.Ed. 970, 45 S.Ct. 541 (1925), *Chase. supra.* Obviously, however, inserting two different statutes in these extradition papers and not fully dating all of them, is not the most circumspect kind of draftsmanship on the part of the demanding state. Furthermore. it would save both our trial and appellate courts considerable time if the Colorado authorities involved had carefully examined the papers as they should have in this case; and after having noted such technical defects, returned the papers for correction. Properly completed papers could then have been procured from North Dakota *before* they arrested Fox, so the matter could have proceeded in an orderly and expeditious fashion without our courts having to spend time ruling upon easily avoidable technical errors.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.