No. 22476.

ALFRED L. CAPRA, MANAGER OF SAFETY AND EXCISE, AND EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER, AND MOSE TRUJILLO, UNDER-SHERIFF OF THE CITY AND COUNTY OF DENVER v. FRANK LESLIE MILLER.
(422 P.2d 636)

Decided January 23, 1967.

DUKE W. DUNBAR, Attorney General, JOHN MOORE, Assistant, BERT M. KEATING, District Attorney, GREGORY A. MUELLER, Assistant, THEODORE A. BORRILLO, Chief Deputy, PATRICIA W. BRITTAIN, Deputy, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

An information was filed by the District Attorney for the City and County of Denver on February 16, 1966, charging Frank Leslie Miller with being a fugitive from justice under C.R.S. 1963, 60-1-13. Shortly prior thereto Miller had been arrested pursuant to a Tennessee warrant and supporting affidavit, both of which charged him with a fraudulent breach of trust. On February 17, 1966, the trial court appointed counsel on petitioner's oath of indigency, set bond and continued the case for the filing of extradition papers. On March 10, 1966, the Governor of the State of Tennessee forwarded to the Governor of the State of Colorado a formal requisition and a certified copy of an indictment dated October 12, 1965, charging Miller with passing a bad check, *i.e.,* he was then charged with a second and different crime. It was this latter charge which appeared on the Colorado Governor's warrant for Miller's arrest issued on March 14, 1966. These latter papers were filed with the court on March 21, 1966.

On March 25, 1966, Miller sought release by a petition for writ of habeas corpus. He asserted that the indictment and the warrant from Tennessee concerning the fraudulent breach of trust failed properly and substantially to charge him with a commission of a crime; and, that the indictment and warrant from Tennessee were otherwise defective and deficient. Upon hearing the trial court made permanent the writ of habeas corpus and discharged Miller.

██ ██ We agree that the trial court was correct in its ruling concerning the charge of fraudulent breach of trust. Nothing in support of this charge was offered into evidence, except the Tennessee information, war-

rant and affidavit. As to this charge, there is no requisition from the Governor of Tennessee nor a warrant from the Governor of Colorado, and Colorado thus had no authority to order Miller's extradition on that count. Although extradition proceedings need not necessarily be instituted by formal requisition from the executive authority of the demanding state and warrant from the executive authority of the asylum state, such a requisition and warrant must issue at some point in the proceedings. See 18 U.S.C.A. § 3182; *Brown v. Grimes*, 214 Ga. 388, 104 S.E2d 907 (1958); People ex rel *Maypole v. Meyering*, 358, Ill. 589, 193 N.E. 495 (1934); *State v. Selman*, 157 Tenn. 641, 12 S.W.2d 368 (1928).

■ ■ As to the later second charge, *i.e.*, that of passing a worthless check, the papers, however, are complete and regular. The trial court, nevertheless, apparently relied on the fact that no information was filed in Colorado charging Miller with this crime and with his being a fugitive from justice. In this it was in error for no such information is required. It is sufficient that a certified copy of the indictment, charging the passing of a worthless check, and other papers relating thereto, including a requisition, were forwarded from the Governor of Tennessee and that the Governor of Colorado issued a warrant for petitioner's arrest on the basis of such papers. In the instant case the Colorado warrant recites that Miller is a fugitive from justice, that he stands charged with the crime of passing a worthless check, and it is accompanied by a certified copy of the indictment. This is prima facie sufficient authority for the arrest of the defendant and delivery of him to the agents duly appointed to return him to Tennessee. *In re Martz*, 83 Idaho 72, 357 P.2d 940 (1960); *Foley v. State*, 32 N.J. Super. 154, 108 A.2d 24 (1954); 35 C.J.S. *Extradition* § 16(a).

■ ■ The only judicial review available to an accused in extradition proceedings is that of habeas corpus. C.R.S. 1963, 60-1-10; *Krutka v. Bryer*, 150 Colo.

293, 372 P.2d 83 (1962). In a habeas corpus proceeding the warrant of arrest is prima facie evidence of the recitals therein placing the burden upon the accused to show either that he is not a fugitive from justice or that he was not substantially charged with a crime in the demanding state *Fox v. People ex rel Hoffman,* 161 Colo. 163, 420 P.2d 412 (1966); *Krutka, supra; Ex Parte DuBois,* 156 Tex. Crim. App. 463, 243 S.W.2d 698 (1951); *Maypole, supra;* 40 A.L.R.2d, Anno. 1159; 35 C.J.S., *Extradition* § 16(d).

The fact that Miller was originally arrested in Colorado on a charge different than the one here upheld is immaterial and moot. Extradition proceedings on the charge of passing a worthless check were properly instituted and the validity of his initial arrest is not in issue in this proceeding. *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849 (1964); *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957).

The cause is remanded to the trial court with directions to proceed with the hearing so that a proper disposition can be made of the second charge.