No. 22225.

MARK HARDING, ALSO KNOWN AS ALBERT LEE MARK HARDING *v.* THE PEOPLE OF THE STATE OF COLORADO, AND ALFRED L. CAPRA, MANAGER OF SAFETY AND EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER, STATE OF COLORADO, AND HAROLD DILL, CHIEF OF POLICE, CITY AND COUNTY OF DENVER, STATE OF COLORADO.

(423 P.2d 847)

Decided February 14, 1967.     Rehearing denied March 6, 1967.

B. F. Napheys, III, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James F. Pamp, Assistant, for defendants in error.

*In Department.*

Opinion by Mr. Justice Sutton.

By this writ of error, Mark Harding, plaintiff in error, seeks to reverse the trial court's refusal to grant him a writ of habeas corpus wherein he sought his release from custody in an extradition proceeding requested by the Governor of the State of Arizona. The Arizona charge is the felony of "Grand Theft (Embezzlement)."

Harding urges numerous grounds of error, but only two will hereinafter be discussed since there is no merit to the others which relate primarily to defenses he can raise at his trial in Arizona or to matters which are now moot at this stage of the proceedings. See *Capra v. Miller*, 161 Colo. 448, 422 P.2d 636. *Fox v. People*, 161 Colo. 163, 420 P.2d 412; *Velasquez v. People*, 154 Colo. 284, 389 P.2d 849 (1964); and *Travis v. People*, 135 Colo. 141, 308 P.2d 997 (1957).

The two alleged errors which we shall consider are: (1) Whether the Colorado Governor's warrant is fatally defective because the document itself includes two blank spaces which should have contained Harding's name and the state to which he was to be returned? Harding contends that the warrant, to be valid, must expressly state such information in those blanks.

(2) Whether the Colorado Governor's warrant is defective because it does not recite that Harding was in Arizona at the time that the alleged crime was committed?

■ The warrant in question reads in pertinent part as follows:

"WHEREAS, It has been represented to me by the Governor of the STATE of ARIZONA that MARK HARDING stands charged with GRAND THEFT (EMBEZZLEMENT) a crime under the laws of the said STATE of ARIZONA committed in the County of MARICOPA in said State, and that he has fled from the justice of the said State, and has taken refuge in the State of Colorado; and the said Governor of the said STATE of ARIZONA has, in pursuance of the Constitution and Laws of the United States, demanded of me that I shall cause the said MARK HARDING to be arrested and delivered to L. C. BOIES, OR AGENT, who is authorized, as the agent of the said Governor of ARIZONA, to receive the said ............................ into his custody and him convey back to the State of ......................;
* * *."

This warrant is accompanied by a document authorizing the above-mentioned "L. C. Boies, or agent," to transport Harding out of the State of Colorado, and another document ordering the delivery of Harding into the custody of Boies or agent. Both of these papers are signed by the Governor of the State of Colorado and amply compensate for the clerical error in failing to fill in the two blank spaces in the initial document. See *Fox, supra*; *Self v. People,* 133 Colo. 524, 297 P.2d 887 (1956).

■■ As to Harding's contention that the warrant fails to state that he was in the State of Arizona at the time that the alleged crime was committed, we hold this not to be error. It is well-settled that the warrant of the governor of the asylum state is prima facie evidence of three things and three things only: (1) that the de-

fendant is substantially charged with a crime in the demanding state; (2) that he is a fugitive from the justice of that state; and (3) that a demand has been made for his delivery to the state wherein he is charged with a crime. See *Capra v. Miller, supra; Fox v. People, supra; Krutka v. Bryer*, 150 Colo. 293, 372 P.2d 83 (1962); *Wigchert v. Lockhart*, 114 Colo. 485, 166 P.2d 988 (1946).

Harding has cited C.R.S. 1963, 60-1-3 and *Buhler v. People*, 151 Colo. 345, 377 P.2d 748 (1963) for the proposition that the warrant from the governor of the asylum state must include a statement that the defendant was present in the demanding state at the time of commission of the alleged crime. In this he is in error. Neither the statute nor the case in question imposes such a requirement. The statute, in plain language, reads as follows:

"*No demand* for the extradition of a person charged with crime in another state *shall be recognized by the governor unless in writing alleging*, * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, * * *." (Emphasis added.)

▉ The requirement of alleging presence in the demanding state is thus clearly imposed upon the requisition of the governor of the demanding state rather than upon the warrant of the governor of the asylum state, and the papers from the State of Arizona are complete in this respect. The question as to whether a defendant is a fugitive from justice is one of fact. The presumption raised by a governor's warrant in an asylum state in a habeas corpus proceeding may be overcome either by a petitioner showing that he was not within the demanding state at the time the crime was committed or that he has not since left the state — which Harding failed to do here. To create the presumption, however, it is sufficient that the warrant recite that he is a fugitive from justice in the demanding state.

See *Self v. People, supra; Wigchert v. Lockhart, supra.* The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.