No. 21399.

Hugh J. McClearn, Manager of Safety and Excise and Ex-officio Sheriff in and for the City and County of Denver v. Rose Marie Jones, a/k/a Kelley Jones.

(426 P.2d 192)

Decided April 17, 1967.

Duke W. Dunbar, Attorney General, John P. Moore, Assistant, Bert M. Keating, District Attorney, Gregory Mueller, Assistant, Theodore M. Borrillo, Chief Deputy, for plaintiff in error.

FAIRCHILD and EMESON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS writ of error challenges the order of the lower court, which made a writ of habeas corpus permanent, thereby discharging the defendant in error pending an extradition hearing.

The defendant in error, hereinafter referred to as petitioner, was arrested as the result of an information filed in the district court charging her with having committed the crime of child abandonment in the State of Ohio and having fled from justice. This information was filed in accordance with C.R.S. 1963, 60-1-13, which provides for arrest prior to requisition from the demanding state. The petitioner was released on bond returnable November 29, 1963, "for hearing on extradition." This hearing was later continued on the petitioner's motion to December 20, 1963.

After the arrest of the petitioner, an application for requisition was forwarded by the Governor of Ohio to the Governor of Colorado, who then granted the requisition and issued a Governor's warrant for extradition. The application for requisition, the supporting extradition papers, and the Governor's warrant were filed in the district court where the proceedings were pending, the date of filing being November 4, 1963.

On December 17, 1963, a petition for a writ of habeas corpus was filed. In substance, it alleged that the petitioner was being unlawfully confined, contained and restrained of her liberty in that her original arrest was predicated on a warrant issued out of the Juvenile Court of Geauga County, Ohio; that the Governor's warrant for extradition was supported by a warrant issued out of the County Court of Geauga County; and that since the Governor's warrant for extradition was not sup-

ported by the same warrant under which her original arrest was predicated, the lower court consequently had no jurisdiction, and was therefore required to grant and make permanent the writ of habeas corpus.

A hearing on this petition for habeas corpus was held on March 25, 1964. The lower court after hearing, during which no testimony was offered or presented on behalf of the petitioner, ruled that the writ of habeas corpus be made permanent and the defendant was accordingly discharged.

Thereafter, the plaintiff in error's petition for rehearing was denied and the court made the following findings:

"We conclude that the legality of the original arrest of October 1, 1963 is moot. . . . However, we further conclude that the execution of the arrest warrant issued by the Governor of Colorado is a condition precedent before the person named in a warrant can be released to an agent of the demanding state.

We conclude as a matter of law that since the legality of the original arrest was moot, since the petitioner could not be extradited on this warrant alone, and since she had not been arrested by the authority of the warrant issued by the Governor of Colorado, she was being illegally detained."

The trial court, in holding that the matter of petitioner's arrest in the first instance is moot, adhered to the well settled rule in Colorado as expressed in *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849, and more recently in *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636. However, when the trial court extended its ruling by stating that *execution* of the Governor's warrant was required, it erred. In Velasquez, *supra,* this court stated:

"The Governor's warrant for the arrest of Velasquez having issued and having been filed with the court in the pending proceeding, the issue as to whether Velas-

quez was lawfully arrested in the first instance is not just academic but moot."

■ Implicit in the above language is the principle that the process involved in the arrest in the first instance, becomes moot and academic, when replaced and supplanted by the Governor's warrant, and that when a petitioner has already been arrested and is free on bond, it is unnecessary to execute the Governor's warrant by rearresting.

C.R.S. 1963, 60-1-16 provides that when a person has been arrested prior to requisition for a crime in another state and thereafter is admitted to bail, such bond shall be conditioned upon his appearance at the time specified "for his surrender upon the warrant of the governor of this state for his extradition or interstate rendition to another state . . ."

■ The clear meaning and purport of this provision is that when a person has been arrested for a crime in another state in accordance with C.R.S. 1963, 60-1-13 and is thereafter admitted to bail, the bond being returnable on a specified date, it is unnecessary to rearrest such person upon the issuance and filing in court of the Governor's warrant. When such person appears on the day specified such appearance constitutes his surrender upon the Governor's warrant and therefore the execution of the Governor's warrant under these circumstances would be a meaningless formality and therefore unnecessary.

Judgment reversed and cause remanded for extradition hearing.

Mr. Chief Justice Moore, Mr. Justice Day and Mr. Justice McWilliams concur.