No. 23058.

ELMO DEAN DRESSEL *v.* VINCENT BIANCO, SHERIFF OF
LOGAN COUNTY, COLORADO.
(452 P.2d 756)

Decided April 1, 1969.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error challenges the discharge of a writ of habeas corpus by the trial court.

Elmo Dean Dressel, referred to herein as "Dressel," was charged and arrested as a fugitive from justice under C.R.S. 1963, 60-1-13. The complaint alleged that Dressel had been charged with the felonious crime of theft and had fled from the state of Texas.

Dressel was arrested on December 21, 1966, and forthwith taken to the district court where he was released on $1,000 bond returnable on January 17, 1967.

On January 16, 1967, the district attorney appeared *ex parte* before the court and orally moved for a continuance of the extradition proceedings for the reason that the requisition documents from the demanding state had not been received and would not be available at the hearing date. The court then continued the hearing until February 15, 1967, at 10 a.m.

The next day, on January 17, 1967, Dressel appeared before the court as required by the terms of his bond. He objected to the order of continuance entered *ex parte* the day before, contending that the court had not complied with C.R.S. 1963, 60-1-17. The court granted Dressel leave to file a petition for habeas corpus and set the date for hearing on February 15, 1967, the time to which the extradition proceedings had been continued. The court ordered the extradition and habeas corpus proceedings consolidated for hearing.

The consolidated hearing was held on February 15 and Dressel presented evidence in support of his petition, mainly directed, first, to the proposition that Dressel was not present in the state of Texas on February 11, 1965, the date of the alleged crime, and, second, to the allegedly irregular continuance granted *ex parte* by the court prior to his arrest under the Governor's warrant.

At the conclusion of the evidence and closing arguments of counsel, the court announced its intention to deny the petition and discharge the writ. Thereupon, Dressel requested leave to present additional evidence on the issue

of his whereabouts on the day of the alleged commission of the crime in Texas. This was denied by the court.

The court entered written findings of fact which contained the following material findings:

"* * * Elmo Dean Dressel was present in the State of Texas at the time charged in the Governor's Warrant and the Extradition proceedings.

"* * * Elmo Dean Dressel was substantially charged with a crime against the laws of Texas * * *.

"That the said Elmo Dean Dressel is a fugitive from the justice of the State of Texas * * *."

The court ordered that the writ of habeas corpus be discharged. Dressel's motion for new trial was denied.

Dressel urges three grounds for reversal: First, that the indictment alleges a theft of money whereas the evidence indicated no money was taken and therefore he should not be extradited; second, the court made no determination that the accused was in the demanding state at the time of the alleged crime; and third, the court failed to comply with the provisions of C.R.S. 1963, 60-1-17.

I.

In relation to Dressel's first ground for reversal, the indictment upon which the extradition was predicated charged Dressel as follows:

"The Grand Jurors * * * present in and to said Court that Elmo Dean Dressel, * * * on or about the 11th day of February, 1965, and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there unlawfully and fraudulently take two thousand forty-eight and 89/100 dollars, ($2048.89) in money, of the value of 2048.89 Dollars, the same then and there being the corporeal personal property of and belonging to Marshall Clark, who is hereinafter called 'Injured Party,' from the possession of the said injured party, without the consent of the said injured party, and with the intent then and there to deprive the said injured party of the value of the same, and to appropriate it to the use of and benefit of the said defendants, * * *."

■ Dressel testified that he was not in Texas on February 11, 1965, the day of the alleged crime. The People in rebuttal produced testimony from the victim of the crime, Marshall Clark, that in fact Dressel was in Hill County, Texas on this date and engaged in a transaction with Clark during which Clark gave Dressel his check. On cross-examination Clark was asked if he gave Dressel any money, to which he replied, "No, Sir." This was the extent of Clark's testimony the obvious purpose of which was to demonstrate that Dressel was in fact in Texas on the day in question. Dressel's attorney argues this shows that the crime alleged in the indictment did not in fact take place and that even though the form of the indictment may be proper, the accused should not be surrendered to Texas if the facts did not support the charges. It is settled law that the guilt or innocence of the alleged fugitive may not be considered by the court of the asylum state in habeas corpus proceedings. *Fox, Jr. v. People,* 161 Colo. 163, 420 P.2d 412; *Self v. People,* 133 Colo. 524, 297 P.2d 887.

■■ An examination of the form of the indictment shows that it substantially charged Dressel with a crime under the Texas statute:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Vernon's Ann. P.C. art. 1410.

The trial court was correct in finding that Dressel was substantially charged with the crime of theft in the state of Texas. Furthermore, courts of the asylum state are without authority to pass upon the technical sufficiency of the indictment, which is left to the courts of the demanding state. *Bartz, Jr. v. Capra,* 161 Colo. 503, 423 P.2d 25; *Threadgill v. Capra,* 161 Colo. 453, 423 P.2d 318; *Capra*

*v. Ballarby,* 158 Colo. 91, 405 P.2d 205. Dressel's first ground for reversal is without merit.

## II.

Dressel's second ground for reversal, that the court made no finding concerning his presence in the state of Texas at the time of the commission of the alleged crime, is without merit. Counsel for Dressel overlooks that the court in its written findings and order found that "* * * Elmo Dean Dressel was present in the State of Texas at the time charged in the Governor's Warrant and the Extradition proceedings." It should be noted that the Governor's warrant and attached requisition documents contained a copy of the indictment charging Dressel with the commission of the crime of theft on the 11th day of February, 1967. This makes the finding of the court meaningful and sufficient. This finding was based upon the contradictory evidence of Dressel and Marshall Clark, heretofore discussed. The burden was on Dressel to show by *clear and convincing* evidence that he was absent from Texas at the time of the crime charged. *Wigchert v. Lockhart,* 114 Colo. 485, 166 P.2d 988; *In Re DeGina,* 94 N.J. Super 267, 228 A.2d 74; *So. Carolina v. Bailey,* 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292. As the trier of fact it was the trial court's duty to determine the credibility of the witnesses and to resolve the conflict in the evidence. This it did and we will not disturb the finding.

## III.

The basis of Dressel's third claim is found in the statute, C.R.S. 1963, 60-1-17, which provides:

"If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge of a district court may discharge him or may recommit him for a further period not to exceed sixty days, or a judge of a district court may again take bail for his appearance and surrender, as provided in section 60-1-16, but within a period not to exceed sixty days after the date of such new bond."

Here, the trial court in considering this matter found that when, as in the circumstances here, Dressel was already on bond, it would be a useless thing to recommit the defendant, then require a new bond, and then release him under the new bond for the extended or continued period of time. Dressel has shown no prejudice whatsoever by the procedure followed by the court. In *Capra v. Ballarby, supra,* this court stated: "The law regarding extradition should not be 'so narrowly interpreted as to enable offenders against the laws of a state to find asylum in the territory of another state.'" We hold that the trial court substantially complied with the statute in extending the time for hearing of the extradition proceeding and in continuing Dressel's bond and permitting him to remain at large. Furthermore, this court has ruled that once the Governor's warrant is filed in the district court irregularity in connection with prior proceedings becomes moot. *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192; *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636; *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849; *Travis v. People,* 135 Colo. 141, 308 P.2d 997.

We find Dressel's third specification to be without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE McWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.