No. 24676.

Terrance William Luker *v.* William L. Koch, Manager of Safety & Excise and Ex-officio Sheriff of the City and County of Denver, State of Colorado.
(489 P.2d 191)

Decided October 4, 1971.

Sol Cohen, Morton L. Davis, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

Terrance William Luker filed a petition for habeas corpus in the trial court in connection with pending extradition proceedings commenced in accordance with C.R.S. 1963, 60-1-1, *et seq.* After hearing, the trial court denied the petition and remanded Luker for extradition to the state of Kansas. On writ of error, petitioner urges reversal. He alleges that the trial court erroneously refused to rule in his favor on the following three propositions:

(1) The initial arrest of Luker was illegal and therefore the extradition proceedings were unlawful;

(2) The Colorado Governor's warrant was defective because it failed to specifically recite that Luker was in the demanding state at the time of the alleged offense; and

(3) Counsel represented to the trial court that Luker may be mentally incompetent. Therefore, the trial court should have stayed the extradition proceedings until a court ordered evaluation of his mental competency could be made.

We reject the arguments for reversal advanced by petitioner Luker. Consequently, we affirm the judgment of the trial court.

I.

■■ Even if the original arrest of the petitioner was without probable cause, which we do not decide here, his argument that this renders the extradition procedures unlawful, including his subsequent arrest under the Governor's warrant, is without merit.

It is well established in Colorado case law that the illegality of an initial arrest cannot be challenged in an extradition proceeding growing out of that arrest. *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636; *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849; *Travis v. People,* 135 Colo. 141, 308 P.2d 997. Once the Governor's warrant is issued and filed along with the supporting papers from the demanding state, the only issues to be considered in a habeas corpus proceeding arising out of the extradition are whether a petitioner is a fugitive from justice and whether he has been substantially charged with a crime. *Fox v. People ex rel. Hoffman,* 161 Colo. 163, 420 P.2d 412; *Wigchert v. Lockhart,* 114 Colo. 485, 166 P.2d 988.

The reasoning which supports the foregoing rule of law is well expressed in *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192. We stated therein as follows:

"Implicit ... is the principle that the process involved in the arrest in the first instance becomes moot and academic, when replaced and supplanted by the Governor's Warrant and that when a petitioner has already been been arrested and is free on bond, it is unnecessary to execute the Governor's Warrant by rearresting."

Just as it is unnecessary to require the police to execute a warrant by rearresting in the *McClearn* situation, it would appear just as unnecessary to require the police to let a fugitive from justice go free because of some irregularity in his original arrest, and then have to search him out and rearrest him. To require this would in our view be ridiculous.

II.

Petitioner's second contention that the Colorado Governor's warrant was invalid because it did not recite that the petitioner was in the demanding state at the time of the alleged offense is without merit. This argument was adequately answered by this court in *Harding v. People,* 161 Colo. 571, 423 P.2d 847 wherein we said:

"The requirement of alleging presence in the demanding

state is thus clearly imposed upon the requisition of the governor of the demanding state rather than upon the governor of the asylum state. . . . The presumption raised by a governor's warrant in an asylum state on a habeas corpus proceeding may be overcome either by a petitioner showing that he was not within the demanding state at the time the crime was committed or that he has not since left the state . . . To create the presumption, however, it is sufficient that the warrant recite that he is a fugitive from justice in the demanding state."

The warrant from Kansas charged Luker with burglary and rape and it was accompanied by an affidavit sworn to by the sheriff of Barton County attesting to the crime charged. The Colorado Governor's warrant recited that Luker was a fugitive from justice. Therefore, the warrant created the presumption and the burden was therefore upon Luker "to show by *clear and convincing* evidence that he was absent from [the demanding state] at the time of the crime charged." *Dressel v. Bianco,* 168 Colo. 517, 452 P.2d 756. Rather than requiring the Governor's warrant to recite that the accused was in the demanding state at the time of the alleged crime, absence from the demanding state is a defense which may be raised and proven by a petitioner in order to defeat extradition. Luker did not bring forth any evidence to rebutt this presumption which attaches to the Governor's warrant. The burden was upon Luker to come forward with clear and convincing proof that he was not in the demanding state at the time of the crime charged or that he was not the fugitive from justice named in the extradition papers.

### III.

Finally, we are asked to consider whether the competency of the accused is a proper matter in extradition proceedings insofar as it might hinder the accused from assisting in his own defense. Initially, we note that habeas corpus proceedings are civil rather than criminal in nature. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596;

*Abel v. Tinsley,* 338 F.2d 514 (10th Cir. 1964). "The proceeding is concerned only with the prisoner's right to liberty, notwithstanding the particular act for which he is detained, and is separate from the legal proceedings under which the detention is sought to be justified." 39 Am.Jur.2d, *Habeas Corpus* § 10. Extradition proceedings have also been classified as summary in nature and the accused is not entitled to all of the procedural safeguards of a criminal trial. *State of South Carolina v. Bailey,* 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933); *United States v. Flood,* 374 F.2d 554 (2d Cir. 1967); 35 C.J.S. *Extradition* § 2.

The scope of inquiry in habeas corpus proceedings is narrowly limited to the technical sufficiency of the papers and (1) the identification of the accused; (2) whether the accused has been charged with a crime; and (3) whether the accused is a fugitive from justice. *Fox v. People, supra; Wigchert v. Lockhart, supra.* Inquiry into the competency of the petitioner is not usually probative of the three issues set forth above. The purpose of habeas corpus in extradition proceedings is only to decide if the petitioner is the party named in the warrant, whether the petitioner has been charged with a crime and whether he is a fugitive from justice. If these requirements are met, public interests are best served by promptly returning the accused to the court which has proper jurisdiction over the crime for a determination of guilt or innocence. If and when the accused is brought to trial on the charges contained in the warrant from the demanding state, he then has the opportunity to raise the issue of his sanity as it relates to the question of guilt or innocence.

In determining the question of whether evidence of insanity was properly excluded by an examining magistrate in an international extradition proceeding, the United States Supreme Court said:

"If the evidence was only for the purpose of showing

present insanity by reason of which the accused was not capable of defending the charge of crime, it is an objection which should be taken before or at the time of his trial for the crime, and heard by the court having jurisdiction of the crime. *Charlton v. Kelly*, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913)."

■ The proper time to raise the question of incompetency as to guilt or innocence is at the time petitioner is brought to trial in Kansas for the substantive crimes charged. The proceeding under review herein was designed only to convey the petitioner to the proper jurisdiction for trial. His guilt or innocence and any issue as to his sanity as it relates to his guilt or innocence or ability to stand trial are not issues in an extradition hearing.

The only conceivable situation in which a court in the asylum state might be required to consider sanity would be one in which the petitioner is so incompetent as to be totally unable to assist his counsel in a habeas corpus proceeding in connection with a pending extradition. Such a situation is not presented by this record, and we need not therefore pass upon such an issue.

Based upon the record in this case, the trial court did not erroneously deny petitioner's motion to stay the extradition proceeding pending the petitioner's commitment for a mental evaluation.

Judgment affirmed.