## No. 26077

**Edwin McCoy v. Daniel P. Cronin, Manager of Safety and Ex Officio Sheriff of the City and County of Denver**
(531 P.2d 379)

Decided February 3, 1975.

Epstein, Lozow and Preblud, P.C., Frederick Epstein, Gary Lozow, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, John R. Rodman, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, by habeas corpus proceedings, sought release from detention for extradition to the state of New Jersey. He appeals from an adverse ruling. Finding no error, we affirm the judgment.

Appellant was arrested and jailed pursuant to a fugitive complaint filed in the Denver district court under the provisions of C.R.S. 1963, 60-1-13.[1]

---

[1]Now Section 16-19-114, C.R.S. 1973.

Upon the issuance of our Governor's warrant for appellant's arrest and rendition to the agents of New Jersey, appellant filed his petition for a writ of habeas corpus. After a hearing on the petition, the court ordered that the writ be quashed and appellant be extradited to New Jersey. A rehearing was denied. Appellant was admitted to bail, pending appeal.

The fugitive complaint charged appellant with having committed the offense of armed robbery in New Jersey on December 16, 1969, and having been convicted of that crime; and, thereafter, having been admitted to bail on appeal, and having broken the terms of bail by coming to Colorado.

As contrasted with the fugitive complaint, the authenticated requisition documents upon which our Governor's warrant issued accused appellant of the crime of armed robbery of one Ann Carnes, and receiving stolen goods, on May 16, 1971, in Monmouth County, State of New Jersey. This discrepancy in the crimes referred to in the fugitive complaint and in the requisition documents gives rise to appellant's various arguments for reversal.

## I.

We first consider appellant's contention that the court erred in denying his petition for habeas corpus for the reason that he was not properly notified in the fugitive complaint of the charge for which he was being extradited, in violation of his rights under the Fourteenth Amendment.

As previously noted, the fugitive complaint concerned a robbery charge against appellant, which allegedly occurred on December 16, 1969. Appellant was initially arrested on a criminal capias issued pursuant to this complaint. No attack was made on the validity of the charge or the legality of the arrest prior to the issuance of the Governor's warrant.

■ It is settled law that in these circumstances, once the Governor's warrant has been issued, the question of the validity of the initial arrest becomes moot and may not be raised in the habeas corpus proceedings which test the validity of the detention under the Governor's warrant. *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130; *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191; *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192; *Capra v.*

*Miller,* 161 Colo. 448, 422 P.2d 636; *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849; *Travis v. People,* 135 Colo. 141, 308 P.2d 997.

■ We find no violation of appellant's due process rights under the Fourteenth Amendment, and reject appellant's argument as being without merit.

## II.

Appellant's other arguments for reversal assert that the requisition documents from the demanding state of New Jersey are insufficient as a matter of law in that they failed to substantially charge appellant with a crime. We likewise reject this argument as being without merit.

■ It is fundamental that the issuance of the Governor's warrant establishes prima facie that the accused is substantially charged with the commission of a crime in the demanding state, and the burden is upon him to show otherwise. *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636; *Fox, Jr. v. People,* 161 Colo. 163, 420 P.2d 412; *Wigchert v. Lockhart,* 114 Colo. 485, 166 P.2d 988. Appellant has totally failed to carry his burden in this respect.

■ The requisition documents upon which the Governor's warrant issued consisted of the New Jersey Governor's request for extradition; the certificate of authority of the designated agents of the state of New Jersey; the sworn statement of the Monmouth County Prosecutor, addressed to the New Jersey Governor, requesting extradition of appellant, describing the crimes committed, and designating the statutes upon which the charges were based, together with copies of the statutes; an affidavit of the prosecutor's investigator concerning the results of his investigation of the crime; a bench warrant for appellant's arrest; and an authenticated copy of the pending indictment found by the grand jury of Monmouth County, state of New Jersey, charging appellant with commission of the crime of armed robbery and receiving stolen goods on May 16, 1971.

A reading of the indictment and underlying statutes clearly establishes that appellant was substantially charged with crimes under the laws of New Jersey, as required by C.R.S. 1963, 60-1-3.

Appellant's various arguments to the contrary are based on apparent confusion created by references in the investigator's affidavit to the earlier crime of armed robbery, which allegedly occurred on December 16, 1969. It is this crime which supported the filing of the fugitive complaint and appellant's initial arrest.

We do not agree that the reference in the investigator's affidavit to the December 16, 1969, robbery renders the supporting documents invalid. In our view, an overall reading of all of the requisition documents clearly shows the charges for which appellant was being extradited. More importantly, however, when the extradition is founded upon a criminal indictment, supporting affidavits are unnecessary and may be regarded as immaterial surplusage when considering the sufficiency of the form of demand required by section 60-1-3. *People v. Jackson,* 180 Colo. 135, 502 P.2d 1106; *cf. Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1.

The judgment is affirmed.