STATE *ex rel.* BRYANT *v.* FLEMING.

(*Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

M. A. PEEBLES, of Columbia, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The relator in the court below, appellant here, sought by writ of habeas corpus his discharge from arrest under the executive warrant of the Governor of this State, issued May 21, 1952, upon the requisition of the Governor of Indiana. · After hearing, the relief prayed for was denied and appellant remanded to the custody of the arresting officer. Hence this appeal.

In April, 1952, an affidavit was lodged in the appropriate Indiana Court charging the plaintiff in error, while absent from that State, with failing to support his minor child contrary to an Indiana Statute. The offense was alleged to have occurred in January, 1951. The foregoing affidavit was duly certified and forwarded to the Chief Executive of this State, who duly issued his rendition warrant as heretofore pointed out. The petition in the instant case was filed to test the authority of the Chief Executive of this State to issue such rendition warrant in view of the averments of the affidavit that the relator (plaintiff in error) was not in the State of Indiana at the time of the commission of the crime.

Apparently the relator relies solely upon the fact that the face of the record discloses his absence from the demanding State at or about the time of the alleged Commission of the offense charged. He relies in support of this contention upon the authority of the case of *Hyatt* v. *New York,* 188 U. S. 691, 23 S. Ct. 456, 459, 47 L. Ed. 657 and cases there cited as a bar to the extradition in this case.

Prior to the passage in this State (and many other States) of the ''Uniform Reciprocal Enforcement of Support Act'', and other statutes to be hereinafter mentioned, the authority relied upon would have constituted an adequate bar to the issuance of the rendition warrant herein but since the passage of these acts we think that this authority is now inapplicable.

The Legislature of this State at its 1951 session passed what is known as the Uniform Reciprocal Support Act being Chapter 234 of the Public Acts of 1951. Under Section 5 of this Act the Chief Executive of this State is authorized to issue his rendition warrant for offenses charged thereunder even though the person sought to be surrendered was not in the demanding State at the time alleged in the affidavit and despite the fact that he had not fled from the demanding State. Indiana (the demanding State) has a substantially similar statute, Chapter 224, Acts of 1951, Burns' Indiana Statutes, Section 3-3101 to 3-3120, of which we must take judicial notice, Supplement to the Code, Section 9773.4. In addition to the act last above referred to Section 11935.5 of the Supplement to the Code authorizes the surrender of persons to other States who commit acts outside such States, resulting in crimes in the demanding State. The validity of such Statutes has been universally upheld. See *Cassis* v. *Fair,* 126 W. Va. 557, 29 S. E. (2d) 245, 151 A. L. R. 233,

422

and other cases that may be found in running down this annotation.

 The relator, plaintiff in error, insists that since the date of the offense alleged in the affidavit was prior to the effective date of our statutes authorizing such rendition despite absence from the demanding State (Indiana), he cannot be extradited thereunder. It seems to us that the plaintiff in error is wrong in this contention. The right of the Governor of this State to surrender one to the authorities of a sister state depends upon the status of the law on the date of demand by such sister state rather than at the date alleged as that of the commission of the crime. The Support Act as above referred to is procedural in nature, and no valid reason is perceived which would preclude their use in the instant proceeding; no vested or fixed right of the appellant has been usurped thereby. The plaintiff in error does not stand charged with crime in the asylum state (Tennessee) and it is well settled that his guilt or innocence thereof cannot be inquired into by the Courts of such asylum state. See *Ex parte Coleman,* Tex. Cr. App., 245 S. W. (2d) 712. In that case the date of the offense alleged was prior to the effective date of the Statutes authorizing extradition despite the absence from the demanding State but it was held that this did not render the statute in question ex post facto but that the Governor might lawfully issue a rendition warrant under the statutes as they existed at the time of the demand despite the fact that such statutes were not in effect on the alleged date of the crime. With the reasoning of this opinion, we concur.

After due consideration we feel that the trial judge has reached the correct conclusion. The result is that his judgment must be affirmed.