STATE OF TENNESSEE ex rel. EARL DUVAL, Petitioner,

*v.*

JOHN A. FRAZIER, Sheriff, Respondent.

423 S.W.2d 487.

(*Nashville,* December Term, 1967.)

Opinion filed January 8, 1968.

Robert L. Jackson, Nashville, for petitioner.

George F. McCanless, Attorney General, and Thomas E. Fox, Assistant Attorney General, Nashville, for respondent.

Mr. Justice Humphreys delivered the opinion of the Court.

Earl Duval has appealed from an order of the Criminal Court of Davidson County, Tennessee, denying his petition for writ of habeas corpus, whereby he sought to invalidate a rendition warrant executed by the Honorable Buford Ellington, Governor of Tennessee, for return of petitioner to the State of Kentucky upon requisition of the Honorable Edward T. Breathitt, Governor of Kentucky, for petitioner's failure to support his infant children in accordance with a Court Order in that State and

for which petitioner had been indicted in that State on September 12, 1966.

By assignment of error contentions are made here that plaintiff in error cannot be extradited to Kentucky as a fugitive from justice because it was not proved that he was in the State of Kentucky at the time of the crime of non-support of his infant children in the State of Kentucky, and subsequent indictment.

There is a third assignment of error as follows:

"The Court erred in holding that Kentucky revised statute 407.130, 'Interstate Rendition' applied to plaintiff in error for the reason that:

A. The statute so invoked is a portion of Chapter 407, with the title, 'Uniform Support of Dependents Act' which provides a set mode of procedure within the Chapter by which non-residents may be forced to support their children and defendant in error has failed to comply with the statutory procedure set out therein.

B. The 'comparative legislation' in Tennessee, 36-901 through 36-929, as amended, entitled 'Reciprocal Enforcement of Support,' places specific conditions upon the extradition of a person under this Chapter (36-906), as amended, whether Tennessee is the responding state or initiating state. These conditions have not been complied with in the present case."

■ The first assignment is overruled. *State ex rel. Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841, 91 A.L.R. 1246, and the cases cited from other jurisdictions by plaintiff in error no longer apply in Tennessee to a fugitive from justice charged with non-support of infant children. In 1953, Tennessee adopted the Uniform Recipro-

cal Enforcement of Support Act. This act is codified as Article 36, Chapter 9, of Tennessee Code Annotated. Section 36-905 authorizes the Governor of this State to surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state. And that the provisions for extradition of criminals not inconsistent with the Reciprocal Enforcement Act "shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state."

This act, and particularly this Code section, was construed by this Court in *State ex rel. Bryant v. Fleming,* 195 Tenn. 419, 260 S.W.2d 161 (1953), and the plain import and intent of the Code section as quoted was recognized and held to be valid; and was enforced in that case by extradition. So, the first assignment of error is overruled.

■ The quoted assignment of error is overruled: With respect to part A, because, as held by the trial judge, Kentucky is a reciprocating state with Tennessee under the Reciprocal Enforcement of Support Act under the definition of "state" in 36-902. It is there provided: "State, includes any state, territory, or possession of the United States and the District of Columbia in which this or a substantially reciprocal law has been enacted."

700

According to the official annotation to T.C.A. 36-901, Kentucky is one of the several states which have adopted the Uniform Reciprocal Enforcement of Support Act. Rev.Stat. secs. 407.010-407.360. So, it was within the power of the Governor of this State to order the extradition of plaintiff in error on demand by the Governor of Kentucky.

Part B of the quoted assignment of error is overruled on the ground the conditions of T.C.A. 36-906, which are alleged not to have been complied with, are all directed exclusively to the discretion of the Governor of the State of Tennessee, and not to any court. Nor is it provided or contemplated thereby that the exercise of this discretion by the Governor shall be in any way subject to court review. See sec. 36-906 T.C.A. Supplement.

The assignments of error are overruled and the judgment of the trial judge is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.